# Smith *v.* E. D. Carter et al., Appellants.

*Equity—Equity practice—Resident and nonresident defendants—Service —Act of April 6, 1859, P. L. 387.*

Where a bill in equity is filed against several defendants, one a resident and the others nonresidents, and the service is had upon the resident defendant, the nonresident defendants may be served in the manner prescribed by the Act of April 6, 1859, P. L. 387, if the averments of the bill show on their face that the resident defendant is a principal defendant.

Where a bill in equity for an accounting against several defendants shows transactions among all the parties so connected and so complicated as to render it necessary to bring all the parties before the court in order to enforce the plaintiff's rights, one of the defendants who is a resident, will be deemed a principal defendant in support of a service on nonresident defendants under the Act of April 6, 1859, P. L. 387.

*Equity—Equity practice—Decree pro confesso—Jurisdiction—Motion to strike off service.*

Where a bill in equity is filed against several defendants, with the usual notice to appear and answer, and certain of the defendants move the court to strike off the service upon them, and proceedings remain in abeyance pending the motion, such defendants, after the court has overruled their motion, are bound to answer, and if they fail to do so they cannot allege as an excuse that they were not served with a second notice requiring them to answer. In such a case a decree pro confesso is properly entered against them. If subsequently they enter a general appearance, and a hearing is had against them ex parte, and a decree is entered against them, they have no standing to move the court to strike off the judgment pro confesso or to raise a question as to the court's jurisdiction.

Argued Oct. 22, 1907.    Appeal, No. 178, Oct. T., 1907, by E. D. Carter et al., from decree of C. P. Indiana Co., Sept. T., 1905, No. 5, on bill in equity in case of D. M. Smith and E. B. McGara v. John McGaughey, J. C. King, W. H. Stamey, E. D. Carter, Louis Streuber, B. E. Cartwright and B. E. Cartwright, Executor of L. P. Snyder, deceased, Defendants, E. D. Carter, Louis Streuber, B. E. Cartwright and B. E. Cartwright, Executor of L. P. Snyder, deceased, Appellants.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.    Affirmed.

Bill in equity for an account. Before TELFORD, P. J.
The opinion of the Supreme Court states the case.

*Errors assigned* among others were (1) refusal of motion to
set aside service; (2) entry of decree pro confesso; (3) refusal
to strike off decree pro confesso; (4) in entering a decree
against the appellants on an issue joined between plaintiffs
and W. H. Stamey, J. C. King and John McGaughey.

*Fred H. Ely,* with him *J. Wood Clark,* for appellants.—John
McGaughey was not a principal defendant: Elk Brewing Co.
v. Neubert, 213 Pa. 171; Artman v. Giles, 155 Pa. 409; Cole-
man's App., 75 Pa. 441; Wallace v. United Electric Co., 211
Pa. 473.

Plaintiffs cannot enter a decree pro confesso after the mo-
tion to set aside service of the bill had delayed the filing of
their answer for more than thirty days after the service of the
bill, without first giving them notice to or entering a rule on
them to plead, answer or demur.

*J. N. Banks* and *Harry White,* for appellees.

OPINION BY MR. JUSTICE MESTREZAT, January 6, 1908:
The learned judge of the court below has correctly disposed
of the questions raised on this record and we agree with his
conclusions.

The service was made on the appellants by virtue of the Act
of April 6, 1859, P. L. 387, 2 Purd. (13th ed.) 1422. The
lands and tenements named in the bill and out of which the
suit grew are within the jurisdiction of the court below. The
bill was served upon John McGaughey, a citizen and resident
of Indiana county, and claimed by the plaintiffs to be a princi-
pal defendant. After service had been made upon McGaughey
the plaintiffs presented their petition to the court averring
that the bill had been served on McGaughey, "one of the
principal defendants therein, who resides in the county of In-
diana," and prayed that an order be made directing service of
the bill with notice to appear and answer on the appellants
who did not reside within the jurisdiction of the court. The
order was made as prayed for and service was made in pur-
suance thereof on each one of the appellants. Counsel for
appellants appeared specially for the purpose of moving the

court to set aside the service upon their clients and entered a motion that the service be set aside, assigning as reasons therefor that under the allegations of the bill the court had no jurisdiction over nonresident defendants and had no authority to order the bill served on such defendants, and that John McGaughey was not a principal defendant. It was conceded in the court below that if McGaughey was a principal defendant that the court had authority to order the bill served upon the appellants. The learned judge below held McGaughey to be a principal defendant, observing in his opinion that "whatever may be disclosed upon a full hearing of this case, an inspection of the allegations of the bill leads us to the conclusion that John McGaughey is a principal, an active and not a passive defendant." The court was entirely right in its conclusion. The bill averred, inter alia, "That your orators have not been able to ascertain and cannot tell which of the defendants, or how many of them, have the moneys coming to your orators, or the difference between $25.00 and $42.50 per acre yet owing and unpaid on said 1,075 acres and seventy-four perches of coal and mining rights and privileges owned by your orators, but that the same are in the hands of said defendants, or some of them, and should be accounted for and paid over to your orators and to the parties entitled thereto." It was a question, under the facts averred in the bill, who should account for the moneys alleged to be due the plaintiffs and, as suggested in the opinion of the learned trial judge, it was a question whether McGaughey, King and Stamey were not liable to the plaintiffs for the entire purchase money of the property in question. These defendants, however, filed answers denying their liability to account to the plaintiffs for any part of the money. The transactions between all of the defendants growing out of the sale of the coal options were so connected and so complicated that it became necessary to bring all the parties before the court in order to enforce the rights of the plaintiffs to an accounting. This made McGaughey a principal defendant and conferred jurisdiction on the court to make the order of service under the act of 1859.

The bill was served on the appellants in September, 1905. The order of the court refusing to strike off the service was filed January 10, 1906. Answers were filed by McGaughey,

King and Stamey on April 2, 1906, and issue was joined as to them on April 12, 1906. Judgment pro confesso was entered against the appellants on April 16, 1906. The same counsel again appeared for the appellants on February 23, 1906, and on May 23, 1906, moved the court to strike off the judgment pro confesso. This motion was denied July 7, 1906, and this constitutes the second assignment of error.

The cause was on the regular equity list in the court below, and on May 9, 1906 was called and heard as to the defendants who had appeared and filed their answers and ex parte as to the appellants against whom the decree pro confesso was entered on April 16, 1906. The condition of the record, therefore, at the time the motion to strike off the judgment pro confesso was made showed that the bill with the notice required by the equity rules to appear and plead had been served on the appellants in September, 1905 ; that their motion to set aside the service of the writ had been denied on January 10, 1906 ; that counsel for appellants had entered a general appearance on February 23, 1906 ; and that the trial court had heard the cause as to all the parties defendant, including the appellants, on May 9, 1906. The notice required by the equity rules which was printed on the bill and served with it on the appellants required them to enter an appearance within fifteen days and to file an answer within thirty days after the service, and in default thereof the bill was liable to be taken pro confesso. On this record it is clear that the plaintiffs were fully justified in entering the decree pro confesso against the appellants. After the order refusing to strike off the service had been made by the court, they had over three months in which to demur, answer or plead to the bill before the default was entered against them. No further notice to answer was required to be given to them than the one printed upon the bill and served upon them in September, 1905. There is no precedent under our equity rules for requiring the plaintiff to serve a defendant with a notice to appear and answer other than that to be indorsed upon and served with the bill filed in the case. There is no reason, so far as we can see, why a defendant, under the circumstances of this case, should have the right to demand of the plaintiff another formal notice of the filing of the bill and to appear and plead to it be-

fore a decree pro confesso can be entered against him.   The proceedings were allowed to remain in abeyance while the motion to set aside the service was pending.   After the motion was disposed of, of which the appellants had due notice, it was their duty to demur or answer and their failure to do so entitled the plaintiffs to a judgment pro confesso under the equity rules.

The conduct of the appellants, as shown by the record, did not warrant the court in scrutinizing too closely its jurisdiction. They had ample opportunity to be heard, both as to the question of jurisdiction and on the merits of the case.   Instead of taking advantage of the opportunity thus afforded them, they have sought in every step they have taken in the cause simply to prevent a hearing on the merits.   After the court had refused to strike off the service, and they found themselves within its jurisdiction, they then had the opportunity to raise the question whether equity would take cognizance of the case presented by the bill.   This was the proper course for the appellants to pursue if they wished to raise the question of jurisdiction : Adams's Appeal, 113 Pa. 449.   After the several steps taken in the court below to dispose of the case on its merits, as shown by the record, the appellants are too late in raising the question of jurisdiction : Adams's Appeal, 113 Pa. 449 ; Fidelity Title & Trust Co. v. Weitzel, 152 Pa. 498 ; Drake v. Lacoe, 157 Pa. 17.

The findings of fact by the learned trial judge are supported by the evidence.   While the court might have made a decree as to the issue raised by the defendants who appeared, the appellants are not in a position to allege irregularities because such decree was not entered.   The decree entered against the appellants is not affected by the failure to make a decree against the other defendants.   The money ordered to be paid by the appellants to the plaintiffs does not, under the evidence, belong to the other defendants, and they have no claim upon it   The contest over the fund is between the appellants and the plaintiffs, and any decree that the court might have entered against the other defendants could not in any way have affected the disposition of it.

The assignments of error are overruled and the decree of the court below is affirmed.