## Koester *v.* Philadelphia, Appellant.

*Municipalities—Cities of the first class—Policeman—Suspension from duty—Dismissal.*

Where a policeman in a city of the first class has been suspended by the director of public safety and is subsequently tried by a court of trial or inquiry and found guilty, and thereafter dismissed from the service, he is entitled to recover his salary for the period extending from the date of his conviction by the court to the date of his final dismissal by the mayor.

Argued Dec. 16, 1910. Appeal, No. 51, Oct. T., 1910,

by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1907, No. 2,974, on verdict for plaintiff in case of Frederick W. Koester v. City of Philadelphia. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover salary alleged to be due plaintiff as lieutenant of police.

At the trial the jury returned a verdict for plaintiff for $705.02.

On a rule for judgment n. o. v. BRÉGY, P. J., filed the following opinion:

This is the question involved: Is a policeman in a city of the first class, who has been suspended by the director of public safety pending trial and who has been found "guilty," which sentence is afterwards approved by the mayor, and hence he is dismissed from the service, entitled to recover salary for the period after the trial in which he was awaiting action by the mayor?

As the Bullitt bill, passed June 1, 1885, P. L. 37, regulates the suspension and discharge of policemen we must be guided by it and it must be followed. There is no authority in that act for the director of public safety to suspend without pay. The act, however, does provide that the trial board may do so. See art. III, sec. 1: "And its decisions may authorize the director of public safety to impose fines and pecuniary penalties, to be stopped from pay, or to suspend from pay or duty, or both, for a period fixed by them, not exceeding one year, or to dismiss from the service."

Suspension is, actually, awaiting orders. The officer is still liable to be called on to perform duty and is still a policeman. According to the ordinance of November 15, 1855, he could not engage in any other business without forfeiting his position. Regulation 3, sec. 3, of the rules of the police department also expressly prohibits the officers from pursuing any other occupation.

While it is true the trial board recommended the plaintiff's discharge, we are met with the provision of the Bullitt bill, art III, sec. 1, which is: "The findings of the court of trial or inquiry aforesaid, shall be of no effect until approved by the mayor."

If the mayor after a consideration of over four months had concluded not to approve the sentence, there could be no question as to the officer's right to his salary during that time.

As under the act the finding of the trial court was of no effect till approved by the mayor, we fail to see the legal right to deprive the officer of pay before the approval. He was not discharged till the mayor approved the findings; from that date only did he cease to become an officer.

In our opinion, as already stated, the power to suspend without pay does not exist in the director of public safety. Loss of pay, according to the city charter, can only be inflicted by a trial court after hearing, and even such a finding is ineffective till approved by the mayor.

No trial court ever found or recommended that this plaintiff should lose any pay, and we fail to see that the power to do so is located in any other place or person.

While not meaning to imply that the four months taken by the mayor to consider this matter was more than was necessary, it can easily be seen that if during that time pay does not run the provisions of the act can be entirely evaded by simply taking years to consider such a matter and thus actually starve an officer out. For if the contention of the city is correct that during the time the mayor considers the matter, be it months or years, the officer receives no pay, he is absolutely helpless indeed, for if during that time he seeks another business or occupation to feed himself and family, he, ipso facto, loses his position. This cannot be so.

Whether it is within the power of a trial court to provide in its findings that the offender shall lose his pay during the time occupied by the mayor in considering their report, subject to the one year limitation of the act, it

is not necessary to decide as they did not do so in this case.

Briefly stated, these are our reasons for dismissing the motion for judgment n. o. v.

A new trial was asked for because of certain rulings of the trial judge. These relate to the fact that friends of the plaintiff were interceding with the mayor to induce him not to discharge him, and these appeals were made with the consent of the plaintiff. We fail to see how an effort to convince the mayor that he was innocent and should not be discharged from the force in any way affects his rights. The other offers of proof relate to the custom or action of the police department; they cannot in any way repeal or set aside the act of assembly.

Without any want of respect for the learned counsel for the city, we do not deem the argument advanced at hearing of these rules, that the plaintiff waived the provisions of the act by becoming a policeman, is worthy of serious consideration.

The fact is, however, that the city did not so consider at the time, for they proceeded under the act as they properly should and tried him under it and discharged him under it.

We think the defendant's offers were properly excluded.

*Errors assigned* were (1) in refusing binding instructions for the defendant; (4) in entering judgment on the verdict; (16) in refusing judgment for defendant n. o. v.

*Andrew Wright Crawford*, assistant city solicitor, with him, *James Alcorn*, city solicitor for appellant. Suspension from office carries with it the consequence that compensation for the performance of the duties of the office is also suspended: Shannon v. Portsmouth, 54 N. H. 183; Steubenville v. Culp, 38 Ohio St. 18; In re Simmers, 12 Pa. Dist. Rep. 285; Westberg v. Kansas City, 64 Mo. 493; Loper v. State, 48 Kansas, 540 (29 Pac. Repr. 687); State v. Megaarden, 85 Minn. 41 (88 N. W. Repr. 412).

In order that an employee shall have a right to his

wages, he must faithfully discharge his duty. If he fails to do so, he may be dismissed and he will have no claim for wages that are then accruing, i. e., accruing at the time of his failure to faithfully discharge his duty as by disobeying orders: Libhart v. Wood, 1 W. & S. 265; Matthews v. Park Bros. & Co., 146 Pa. 384; Singer v. McCormick, 4 W. & S. 265; Peniston v. Huber Co., 196 Pa. 580.

The Bullitt bill places the power of suspension in the director of public safety, which is not curtailed so far as the period for which wages are sought in this case is concerned.

*Franklin S. Edmonds,* with him *Leon J. Obermayer,* and *William Clarke Mason,* for appellee.—The office of policeman in the city of Philadelphia is subject to legislative regulation and control and therefore no policeman can be suspended or dismissed in any manner other than the method provided by act of assembly: Com. v. Black, 201 Pa. 433.

The method of dismissal provided by act of assembly must be strictly observed.

The power to suspend is not involved in the general power to remove, and when the method of suspension and removal is specifically set forth by the legislative authority, then the power to suspend cannot be implied from any power of removal: Alker v. Mayor of New York, 27 Hun, 413; O'Leary v. Board of Education, 93 N. Y. 1; Fitzsimmons v. Brooklyn, 102 N. Y. 536 (7 N. E. Repr. 787); Gregory v. Mayor of New York, 113 N. N. 416 (21 N. E. Repr. 119); Emmitt v. New York, 128 N. Y. 117 (28 N. E. Repr. 19); State v. Jersey City, 25 N. J. Law, 536; Galvin v. St. Paul, 58 Minn. 475 (59 N. W. Repr. 1102); Everill v. Swan, 20 Utah, 56 (57 Pac. Repr. 716); Gorley v. Louisville, 23 Ky. Law, 1782 (65 S. W. Repr. 844); Chicago v. People, 210 Ill. 84 (71 N. E. Repr. 816).

OPINION BY BEAVER, J., March 3, 1911:

The right of the plaintiff to recover his pay for services as a policeman during a period of suspension from duty,

while the finding of a court which tried him was in the hands of the mayor for approval, without which he could not legally be discharged, is to be determined entirely by the interpretation of what is popularly known as the Bullitt bill, passed June 1, 1885, P. L. 37.

There are a number of assignments of error which, whilst they might bear some discussion, would carry us far afield along lines which are not strictly pertinent to the real question involved.

The real controversy arises under the interpretation of the Bullitt bill, and, as we view the matter, it is covered by the opinion of the court upon the rule for a new trial and motion for judgment n. o. v. We think the opinion of Judge BRÉGY covers all the essential features of the case, and with it the majority of this court are in accord. We cannot see that general discussion of the questions involved in the answers to points would add anything whatever to the conclusiveness of the opinion of the court below. True it is perhaps that the points, based upon the discharge of an employee, upon general principles, contain a correct interpretation of the law as it applies to such cases, but those are not involved here. The plaintiff was tried under the provisions of the Bullitt bill, was suspended it is true in accordance with the finding of the court which tried him, but that court did not authorize his suspension without pay, and the director had no power under the law to suspend him without pay, except by the directions of the court.

We quite agree with the court below that, without express authority from the court, the director of public safety could not suspend from pay. It is true that in the tenth paragraph of sec. 1 of art. III of the Bullitt bill (p. 42) the provision is made that "It shall be lawful for the director of the department of public safety, at his discretion, to suspend from duty before trial any person charged as aforesaid, until such trial can be had, with or without pay as such court shall afterward determine, but no trial shall be delayed for more than one month after

charge made," and immediately following this is the provision that, "The finding of the court of trial or inquiry as aforesaid shall be of no effect until approved by the mayor."

There is no intimation of suspension without pay, except by express authority and direction of the trial court, and, therefore, the implication at least is that, as the approval of the mayor is necessary to dismissal, pay would continue until the policeman was dismissed, there being no intimation in the finding of the court of loss of pay prior to final discharge.

Further discussion we think is not necessary, inasmuch as the opinion of Judge Brégy referred to fully covers the case.

Judgment affirmed.