## Casper *v.* Philadelphia, Appellant.

*Municipalities—Cities of the first class—Removal of policemen—Acts of June 1, 1885, P. L. 37, and March 5, 1906, P. L. 83.*

1. Under the Acts of June 1, 1885, P. L. 37, and March 5, 1906, P. L. 83, the method of removing a policeman of a city of the first class for misbehavior in office, is by specific charges made by the director of the department of public safety, or delivered to him, which charges are to be tried by a court composed of "persons belonging to the police or fire force equal or superior in official position, therein to the accused," and it is the decision of this court which may authorize the director to fine, suspend or dismiss.

2. Where a board of police inquiry recommends that an officer be reprimanded, and also recommends him to the mercy of the director of the department of public safety, the director has no power to dismiss the officer.

3. The provision in the Act of June 1, 1885, P. L. 37, which forbids the employment of any person as a policeman who has been convicted of crime, relates only to the qualification of the person at the time of his appointment, and does not apply to an officer who has been convicted of an offense after his appointment. Such a conviction will not justify the director in dismissing the officer where dismissal has not been recommended by the trial board.

4. A bill in equity to restrain the director from dismissing a policeman will not be dismissed by the appellate court after an answer filed in the court below, and a trial had on the merits without a demurrer. It is then too late to raise the question of want of jurisdiction.

Argued March 12, 1913.    Appeal, No. 32, Oct. T., 1913, by defendant, from decree of C. P. No. 3, Phila. Co., June T., 1913, No. 6,379, on bill in equity in case of Benjamin H. Casper v. City of Philadelphia, Rudolph Blankenburg, Mayor of the City of Philadelphia, and George D. Porter, Director of the Department of Public Safety of the City of Philadelphia.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Bill in equity for an injunction.    Before McMICHAEL, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree awarding injunction.

*James Gay Gordon, Jr.,* assistant city solicitor, with him *Michael J. Ryan,* city solicitor, for appellant, cited: People v. French, 102 N. Y. 583.

*Henry N. Wessel,* with him *Alfred Aarons,* for appellee, cited: Com. v. Stokley, 20 W. N. C. 315; Com. v. Black, 201 Pa. 433; Koester v. Philadelphia, 46 Pa. Superior Ct. 110; Truitt v. Philadelphia, 221 Pa. 331; Saul v. Scranton, 9 Pa. Dist. Rep. 156; Doverspike v. Magee, 51 Pa. Superior Ct. 525.

OPINION BY HENDERSON, J., November 17, 1913:

This case involves the right of the director of public safety of the city of Philadelphia to discharge a policeman.    The plaintiff having passed the requisite examination was appointed a policeman in July, 1907, and

immediately thereafter began to discharge the duties of that position. On February 18, 1909, he was convicted of assault and battery in the court of quarter sessions in the city of Philadelphia. This charge grew out of disorder on the public streets of the city in which cross bills of indictment for assault and battery were found against different persons for conduct arising out of the same transaction. The verdict of the jury as to the complainant here was "guilty," with a recommendation to the court for mercy; whereupon the presiding judge of the quarter sessions discharged the defendant without imposing a penalty. In July, 1912, the plaintiff was summoned to appear before the police board of trial of the department of public safety to answer the charge of "conduct unbecoming an officer." Two specifications were filed one of which was not supported. The other charging conduct unbecoming an officer was sustained, and the trial board recommended that the plaintiff be reprimanded and recommended him to the mercy of the director of the department of public safety. On September 13 in the same year the plaintiff was notified that he was dismissed from service as a policeman by the director of the department of public safety. The plaintiff thereupon filed the bill in this case to enjoin the mayor and director of the department of public safety from enforcing the order of removal. The principal question for determination is whether the plaintiff was subject to removal in the manner attempted by the director. The removal as well as the appointment of policemen of the city of Philadelphia is regulated by statute. The Act of June 1, 1885, P. L. 37, commonly known as the Bullitt Bill, provides in sec. 1 of art. 3, that no policeman or fireman shall be dismissed without his written consent except by the decision of a court either of trial or of inquiry duly determined and certified in writing to the mayor. The decision is only to be determined by trial of charges with plain specifications made by, or lodged with, the director of the department

of public safety.   These charges may be of disability
for service, in which case the court shall be one of in-
quiry only, or of neglect or for violation of law or duty,
inefficiency, intemperance, disobedience of orders or un-
becoming official or personal conduct in which cases the
court shall be one of trial.   The decision of the court
may authorize the director of the department of public
safety to impose fines and pecuniary penalties, to be
stopped from pay or to suspend from pay or duty or
both for a period fixed by them not exceeding one year
or to dismiss from the service.   Provision is made for
the composition of the court constituted to try the case
and for process to secure the attendance of witnesses.
The director of the department of public safety is em-
powered at his discretion to suspend from duty before
trial any person charged with any of the disqualifica-
tions named in the act until a trial can be had.   No trial
is to be delayed for more than one month after the
charges are preferred.   This was intended to be a com-
plete provision for the maintenance of the efficiency of
the police force so far as the conduct of the members
of that body is concerned and protects such officers
from arbitrary control by the mayor or the director of
the department.   It was the apparent purpose of the
legislation to give security of position to policemen and
protect them from political and other influences which
might impair the efficiency of the force and thus operate
to the prejudice of the public welfare.   Section 20 of
the Act of March 5, 1906, P. L. 83, emphasizes this in-
tention in the provision that "Nothing in this act shall
alter the procedure required for the removal or punish-
ment of policemen and firemen as provided in art. 3,
sec. 1, of the act of June 1, 1885, relating to the govern-
ment of cities of the first class."   These provisions of
the law show clearly that the method of removing a
policeman for misbehavior in office is by specific charges
made by the director of the department or delivered to
him, which charges are to be tried by a court composed

of "persons belonging to the police or fire force equal or superior in official position therein to the accused," and it is the decision of this court which may authorize the director to fine, suspend or dismiss. That this is a subject of legislative regulation is well shown in Com. v. Black, 201 Pa. 433, and Koester v. Philadelphia, 46 Pa. Superior Ct. 110. A procedure having been prescribed for maintaining the discipline of the police organization the power of removal is limited to the causes and in the manner declared in the law. It is argued, however, that the action of the director of the department can be sustained under art. 3 of sec. 1 of the act of 1885, which provides that "no person shall be employed in this department as a policeman or fireman who is not a citizen of the United States or who has been convicted of crime, unless pardoned, or who cannot read and write understandingly in the English language or who shall not have resided within the state at least one year preceding his appointment." This provision we think, however, relates to the qualification of the person at the time of his appointment. He must at that time meet the requirements of this legislation. When his fitness is shown and his appointment made he then becomes subject to the law regulating the punishment of members of the police force for misbehavior in office. One of the acts of misconduct expressly designated in the statute as a cause of suspension and removal is a "violation of law or duty," but action for such dereliction is to be exercised by the director in accordance with the sentence of the trial court. We agree with the court below, therefore, in the conclusion that the authority of the director to dismiss is limited by the sentence of the police trial court. Objection is made to the jurisdiction in equity, but after an answer filed and trial on the merits without a demurrer we think it is too late to look closely into the question of jurisdiction. With an opportunity to raise the question whether the court sitting as a chancellor would take

jurisdiction of the case as presented in the bill the parties proceeded to trial and decree, and under the authority of Smith v. Carter, 219 Pa. 315, and numerous other cases we think it is now too late to raise the question of want of jurisdiction.   Our conclusion is that on the case presented the mayor or director of the department of public safety was without authority to remove the complainant, the sentence of the police trial court not having authorized such action.

The assignments of error are dismissed and the decree affirmed at the cost of the appellants.